**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHELE GORDON, an individual,**

**Plaintiff,**

**vs.**

CASE NO.

**ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION,** a Florida Not for Profit Corporation, d/b/a Florida Hospital Sherman Outpatient Surgery Center,

**Defendant.**
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHELE GORDON by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, a Florida Not for Profit Corporation, d/b/a Florida Hospital Sherman Outpatient Surgery Center ("Adventist" or "Defendant") and states:

**PRELIMINARY STATEMENT**

1. This is a claim by Plaintiff MICHELE GORDON against her former employers, ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION d/b/a Florida Hospital Sherman Outpatient Surgery Center for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADAAA"), Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, 29 U.S.C. § 1001, *et seq*., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.*

2. Plaintiff, MICHELE GORDON, suffers from a disability/handicap that is also a

chronic health condition entitling her to benefits under the FMLA, and protection from discrimination under the ADA and FCRA.   Ms. Gordon made Defendant aware of her Degenerative Disc Disease along with multiple herniated disks in her back and her need for reasonably necessary medical accommodation.  Ms. Gordon's only required accommodation was that she not be required to wear a heavy lead apron for prolonged periods of time, specifically that she not be scheduled for surgical procedures that required multiple hours wearing a lead apron.   For approximately 4 years the Defendant accommodated Ms. Gordon's requested accommodation.  Additionally, Defendant provided the same or similar accommodation to a non-black/African American employee with rheumatoid arthritis.  However, in December 2016, Ms. Gordon was told that the Defendant had no accommodation request on file and that she needed to submit a new accommodation request.   Further, Defendant immediately asked Ms. Gordon to scrub into a procedure that would require Ms. Gordon to wear a lead apron for 3-5 hours, even though another scrub technician had already begun the procedure.  When Ms. Gordon stated that her accommodation would be violated, and that she had not been scheduled for the procedure, despite these procedures being scheduled months in advance, Ms. Gordon was told Defendant had no prior knowledge of her accommodation request.   Ms. Gordon was clearly capable of doing her job with the medically necessary accommodation, which the Defendant had accommodated for approximately 4 years.   On information and belief, Defendant continued to accommodate the non-black/African American employee while it terminated Ms. Gordon's employment.   The stated reason for Ms. Gordon's termination was manufactured after she supplied Defendant with a second set of notes from her physician requesting the same accommodation for her disability that was requested and granted for the previous 4 years.   In addition, Ms. Gordon requested intermittent FMLA leave to be used when and if she was assigned to a surgical procedure that was clearly in violation of the medically necessary

accommodation.  These procedures are scheduled months in advance thereby allowing Ms. Gordon time to make an individual request if necessary.  Defendant refused this request and separated her employment based solely on her disability, thereby violating Ms. Gordon's rights under the ADA and discriminating and retaliating against Ms. Gordon and/or interfering with her rights under the ADA, FMLA and the FCRA.  Further, by continuing to provide the same or similar accommodation to one of Ms. Gordon's coworkers, while terminating Ms. Gordon, Ms. Gordon was subjected to discrimination and disparate treatment because of her color (black) and her race (African American).

3.     Accordingly, Ms. Gordon seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendants' actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

4.     The Court has original jurisdiction pursuant to Title I of the Americans with Disabilities Act ["ADA," 42 U.S.C. § 12101 *et seq*], 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 and the FMLA and ERISA pursuant to 28 U.S.C. §§ 1331 and 1337 and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

5.     Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendants do business in this judicial district, and the majority of the acts complained of took place in this judicial district.

**PARTIES**

6. At all times material hereto, Ms. Gordon was a resident of Orange County, Florida.

7. At all times material to this action, Adventist was and continues to be a Florida Not for Profit Corporation, d/b/a Florida Hospital Sherman Outpatient Surgery Center, doing business in Orange County, Florida, and has continuously had at least 50 employees.

8. At all times material to this action, Defendant operated within Orange County, Florida, specifically Adventist, d/b/a Florida Hospital Sherman Outpatient Surgery Center, located at 2501 North Orange Avenue, Orlando, Florida.

9. At all times material to this action, Defendant was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

11. Defendant is an employer as defined under the FLMA.

12. From in or around 2008 until her termination, on or about January 20, 2018, Plaintiff was employed by Adventist Health System Sunbelt Healthcare Corporation, d/b/a Florida Hospital.

13. In 2011 Ms. Gordon began her employment as a Surgical Scrub Technician, working at Defendant's Florida Hospital Sherman Outpatient Surgery Center located at 2501 North Orange Avenue, Orlando, Florida

14. Defendant employed Plaintiff as a Surgical Scrub Technician.

15. Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day

during each of 20 or more calendar workweeks in the current or preceding calendar year.

16. At all times relevant hereto, Plaintiff worked at a location where Defendant, employed 50 or more employees.

17. At all times relevant hereto, Defendant is an employer as defined by 29 U.S.C. 2611(4).

18. At all times material to this action Defendant directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

19. At all relevant times, Ms. Gordon was a “Person with a disability” as that term is defined by ADA.

20. At all times material hereto, Ms. Gordon was an “employee” of Adventist within the meaning of ADA.

21. At all times material hereto, Adventist was an “employer” covered under the ADA.

22. At all times material hereto, Plaintiff has a disability or handicap as defined by the ADA and Fla. Stat. 760 et. seq., that substantially limits one or more major life activities including major body functions. Specifically, Plaintiff has degenerative disc disease along with multiple herniated disks in her back. The handicap/disability causes Ms. Gordon to be substantially limited in major life activities of lifting and/or standing.

23. Ms. Gordon requested a reasonably necessary medical accommodation, that the Defendant not schedule her for surgical procedures that required multiple hours wearing a lead apron.

24. At all times relevant hereto, Plaintiff was an employee entitled to leave under the

FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

25. At all times relevant, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b),(g) and (h), as well as within the meaning of the ADA, 42 U.S.C. § 12111(5).

26. Plaintiff is covered by the ADA and the FCRA because she is an individual who:

a. Has a physical impairment that substantially limits one or more major life activities or bodily functions;

b. Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

c. Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

27. At all times relevant, Defendant was an "employer" as defined by Fla. Stat. 760, *et. seq*.

**CONDITIONS PRECEDENT**

28. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

29. Plaintiff filed an amended charge of discrimination, including a charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981").

30. On February 19, 2020, the EEOC issued Ms. Gordon a Dismissal and Notice of Right to Sue against Adventist Health System Sunbelt Healthcare Corporation**,** d/b/a Florida

Hospital Sherman Outpatient Surgery Center, thereby exhausting her administrative remedies. A copy of this Right to Sue letter is attached as **Exhibit A**.

31. Plaintiff files her complaint within the applicable statute of limitations.

32. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge and amendment to the charge, prior to the FCHR making a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

33. All conditions precedent to this action have been satisfied and/or waived.

**GENERAL ALLEGATIONS**

34. At all times relevant to this action, Defendant failed to comply with 42 U.S.C. § 12101 et. seq. and Florida Stat. 760 et. seq. because Plaintiff disclosed the nature and extent of her disabilities, and as a result, Defendants discriminated and retaliated against Plaintiff because of her real or perceived disabilities.

35. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq, because Plaintiff validly exercised her rights pursuant to the FMLA and Defendants: (i) interfered with Plaintiff's right to take FMLA leave; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; (iii) discriminated against Plaintiff for taking FMLA leave; and (iv) retaliated against Plaintiff because she exercised her rights to take FMLA leave.

36. At all times relevant to this action, Plaintiff disclosed her need for a medically necessary accommodation, and was subsequently discriminated and retaliated against because of her need for said accommodation.

37. Defendant is a faith-based non-profit health care system that is headquartered in Altamonte Springs, Florida and operates facilities within nine states across the United States. It has 45 hospital campuses and serves more than five million patients annually.

38. Ms. Gordon was hired as a Surgical Scrub Technician employee with Defendant in or around October 2008.

39. In 2011, Ms. Gordon was transferred and began her employment as a Surgical Scrub Technician at Florida Hospital's Sherman Outpatient Surgery Center.

40. Ms. Gordon made Defendant aware of her Degenerative Disc Disease along with multiple herniated disks in her back. .

41. Ms. Gordon requested and was granted a reasonable accommodation that she is not required to wear a heavy lead apron for long periods of time, specifically that she not be scheduled for surgical procedures that required multiple hours wearing a lead apron.

42. Ms. Gordon provided the Defendant with the required medical documentation regarding her disability and need for an accommodation.

43. For approximately 4 years the Defendant accommodated Ms. Gordon.

44. In December 2016 Jen Reed assigned Ms. Gordon to Dr. Ramos' room for a pain management surgical procedure which requires the wearing of a lead apron for several hours.[1]

45. Ms. Gordon informed Ms. Reed that she had provided the Defendant with a doctor's note requesting a medically necessary accommodation excusing her from these types of procedures that required the wearing of a heavy lead apron for several hours.

46. Dyane Copeland advised Ms. Gordon that she needed to provide a new note and medical documentation because the Defendant was unable to locate any records of the note and

[1] Another surgical scrub technician had already begun the procedure, because everyone was aware that Ms. Gordon was not to scrub into an intrathecal catheter procedure due to her disability.

medical documentation provided approximately 4 years earlier.

47.     Ms. Gordon immediately contacted her physician and was informed that her primary physician, Elizabeth Sasse would be out of the office for the next few weeks.

48.     On or about January 9, 2017, Dyane Copeland received a faxed note from Ms. Gordon's physician Elizabeth Sasse, requesting a medically necessary accommodation that due to her disability she not be scheduled for any procedures requiring her to wear a heavy lead apron for a prolonged period of time.

49.     On or about January 13, 2017, Ms. Gordon met with Lisa Donnelly and Jen Reed who informed Ms. Gordon that the Defendant required an additional note from her physician providing further specifications on timeframe, weight limits and what job duties Ms. Gordon could and could not do.

50.     On or about January 20, 2017, Ms. Gordon received a text message from Dyane Copeland stating that she was not permitted to return to work until she provided the additional medical documentation.

51.     On or about January 23, 2017, Michelle Phyars notified Ms. Gordon that she had received a fax from Dr. Sasse's office and would contact Ms. Gordon the following day to schedule a conference call with employee relations.

52.     Ms. Phyars did not contact Ms. Gordon on January 24 or 25, 2017 to schedule the conference call, nor did she return any of Ms. Gordon's voicemail messages.

53.     On January 25, 2017, Ms. Gordon received a text message from Dr. Travisani that he had requested her to scrub into one of his procedures but was told by Simone Robbins that Ms. Gordon was on vacation, Ms. Gordon responded to Dr. Travisani that she was not on vacation and invited him to contact her.  Dr. Travisani contacted Ms. Gordon and informed her that Simone was instructed by Dyane Copeland to tell him that Ms. Gordon was on vacation.

54. Shortly thereafter Michelle Phyars emailed Ms. Gordon Leave of Absence forms.

55. Ms. Gordon informed Ms. Phyars that she was not requesting a leave of absence and wanted to return to work.

56. On January 26, 2017, Ms. Gordon received a telephone call from Michelle Phyars and Lorraine Pitre of Employee Relations. Ms. Pitre informed Ms. Gordon that the Defendant would no longer continue to accommodate her medically necessary requested accommodation.[2]

57. While Ms. Pitre suggested that Ms. Gordon go into lab tech, medical assisting or phlebotomy, she also informed Ms. Gordon, that unfortunately we do not have anything available for her in any of those departments.

58. On January 31, 2017, Ms. Gordon sent an email to Michelle Phyars regarding the Leave of Absence forms.

59. On February 1, 2017, Ms. Phyars responded to Ms. Gordon's email, stating that she was going to have a meeting with Lorraine Pitre to further discuss her situation and would contact her shortly thereafter.

60. Defendant refused to continue to accommodate Ms. Gordon's reasonably necessary medical accommodation and refused to put Ms. Gordon back on the work schedule.

61. The Defendant sent Ms. Gordon several emails informing her that they could no longer accommodate her requested accommodation and offered her FMLA leave so she could seek an alternate position.

62. In the beginning of June 2017,[3] the Defendant sent a certified mail letter to Ms. Gordon, after she filed her first charge of discrimination alleging disability discrimination, informing her that if she did not respond and accept fixed FMLA leave her employment would

[2] For approximately 4 years the Defendant had accommodated Ms. Gordon's medically necessary requested accommodation.

[3] On April 24, 2017, Plaintiff filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission.

be terminated.

63.     Ms. Gordon responded to the letter, on or about June 19, 2017, stating that she was not in need of fixed FMLA leave, and instead requested intermittent FMLA to the extent leave was the only option of accommodation.  Ms. Gordon further reiterated that the Defendant previously accommodated her for 3 years and she did not understand why the accommodation was being revoked.  Ms. Gordon further complained that she felt she was being discriminated against and further retaliated against for having filed a charge of discrimination.  She also complained that she was being discriminated against because of her color and her race since Defendant was accommodating the disability of a white employee, Marci Fritz, by allowing Ms. Fritz to not scrub into procedures where a lead apron would be needed for more than 30 minutes.

64.     Ms. Gordon was told that intermittent FMLA was not available and that the Defendant would be separating her employment.

65.     Defendant further stated that it could not accommodate her request to not wear a lead apron for more than 30 minutes and that being able to lift over 50 pounds was a primary duty of the job.

66.     On information and belief, Defendant implements safety standards and procedures that require at least four people move a patient.

67.     Defendant's stated reason for termination that the lifting requirement is necessary to move patients does not comport with the standard safety requirements utilized by Defendant or the normal course of business or course of performance for Ms. Gordon while employed by Defendant.

68.     At no point in Ms. Gordon's employment with Defendant was she reprimanded or disciplined for not being able to lift at least fifty pounds, nor did she have difficulty complying with Defendant's standard safety procedures requiring at least four people move a patient.

69.     Further, Ms. Gordon was not required to scrub into a procedure that utilized a lead apron since most procedures requiring the use of a lead apron for prolonged periods of time were scheduled weeks in advance.

70.     On information and belief, Ms. Gordon was not scheduled to perform a procedure where a lead apron was required for more than an hour in the three years prior to her termination.

71.     In or around January 2018, Ms. Gordon was advised by letter of her separation of employment from Defendant.

72.     Ms. Gordon continued to work as a surgical scrub tech, without incident, for at least a month before being taken out of work.

73.     Ms. Gordon continued to do her job and the Defendant clearly could accommodate her since they did so for one month, notwithstanding the previous 3 years of accommodation.

74.     On information and belief, Marci Fritz, a Caucasian employee of the Defendant who has rheumatoid arthritis was granted reasonable accommodations such as the one requested by Ms. Gordon.

75.     On information and belief, Ms. Fritz was not scheduled as a surgical scrub technician during procedures requiring the use of a lead apron.

76.     Further, on information and belief, Ms. Fritz was not terminated even though it is believed she cannot lift over 50 pounds.

77.     Additionally, Ms. Fritz, on information and belief, remains employed and still benefits from an accommodation similar to the accommodation requested by Ms. Gordon.

78.     Defendant's stated reason for terminating Ms. Gordon is discriminatory.

79.     Defendants' reason for terminating Plaintiff was pre-textual.

80.     Defendants' reason for termination Plaintiff was manufactured, post hoc, after Plaintiff engaged in activities protected by the ADA, FMLA, ERISA, and the FCRA.

81.     Ms. Gordon had a disability; she made the Defendant aware of this disability and requested a reasonable medically necessary accommodation.

82.     Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

      a.     An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

      b.     An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

      c.     An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

      d.     An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

      e.     An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

83.     Plaintiff was, at all times relevant, a qualified employee as defined by the ADA, FMLA and the FCRA.

84.     Defendant's termination of Plaintiff interfered with her right to take available intermittent FMLA-covered leave when she might need it in the future.

85.     Defendant's termination of Plaintiff was in retaliation for Plaintiff requesting a reasonably necessary medical accommodation pursuant to the ADA.

86.     Defendant's termination of Plaintiff was in retaliation for having requested intermittent FMLA covered leave.

87.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave and/or complaining about discriminatory, harassing and hostile treatment.

88.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from asserting their rights under the FCRA.

89.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from asserting their rights to be free from discrimination based on their color, race, disability, and/or serious medical condition.

90.     Defendant fired Plaintiff in whole or in part because of her disabilities and/or perceived disabilities.

91.     Defendant fired Plaintiff in whole or in part because of her color (black) and/or her race (African American).

92.     Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by Title VII, Section 1981, ADA, ERISA, the FMLA, and the FCRA.

93.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

94.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FCRA covered leave in the future.

95.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

96.     Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave was a substantial or motivating factor in Defendant's decision to terminate her.

97.     Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under his ERISA-covered plan was a substantial or motivating factor in Defendants' decision to terminate her.

98.     Plaintiff's disability/perceived disability was a substantial or motivating factor in Defendant's decision to terminate her.

99.     Defendant's color (black) and/or her race (African American) was a substantial or motivating factor in Defendant's decision to terminate her.

100.    Defendant's decision to terminate Plaintiff was not wholly unrelated to her color (black) and/or her race (African American).

101.    Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

102.    Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

103.    Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

104.    Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

105.    Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

106.    Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

107.    Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

108.    Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

109.    Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

110.    Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

111.    Defendant's actions constitute discrimination in violation of Plaintiff's rights under the ADA.

112.    Defendant's actions constitute interference with Plaintiff's rights under the ADA.

113.    Defendant's actions constitute retaliation in violation of Plaintiff's rights under the ADA.

114.    Defendant's actions constitute discrimination in violation of the FCRA.

115.    Defendant's actions constitute interference with Plaintiff's rights under the FCRA.

116.    Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FCRA.

117.    Defendant's actions constitute discrimination in violation of Plaintiff's rights under Title VII and Section 1981.

118.    Defendant's actions constitute retaliation in violation of Plaintiff's rights under Title VII and Section 1981.

119.    Defendant's actions were willful as Defendants knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

120. Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

121. Defendant's actions, if left unchecked, will deter other employees from exercising their rights under Title VII, Section 1981, the ADA, ERISA, the FCRA and/or the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers and the complete and total eradication of discrimination based on protected status. .

**COUNT I**
**DISCRIMINATION IN VIOLATION OF THE ADA**

122. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

123. Plaintiff is a qualified individual under 42 U.S.C. 12111(8) in that she has a disability.

124. Defendant perceives Plaintiff as disabled.

125. Defendant was an "employer" within the meaning of the ADA.

126. Plaintiff was a qualified employee.

127. Plaintiff engaged in protected activity under the ADA.

128. Defendant discriminated against Plaintiff because of her disability in violation of the ADA

129. With actual knowledge of Plaintiff's disability and request for a reasonably necessary medical accommodation the Defendant terminated Plaintiff's employment.

130. Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

131. Defendant's acts and omissions negatively affected one or more terms, conditions

and/or privileges of Plaintiff's employment.

132. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiffs' disability or perceived disability.

133. Defendants' conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

134. The Defendant wrongfully terminated, discriminated against, harassed, failed to accommodate, and made Plaintiff endure a hostile work environment on the basis of her disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

135. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

136. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants which have caused and continue to cause irreparable harm.

137. Defendants' violations of the ADA were willful.

138. Plaintiff demands trial by jury.

**REQUEST FOR RELIEF AS TO COUNT I**

WHEREFORE Plaintiff, Michele Gordon, respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

d. judgment in her favor and against Defendant for her reasonable attorneys'

fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT II**
**FAILURE TO ACCOMMODATE (ADA)**

139. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

140. Plaintiff is a qualified individual with a disability.

141. Defendant was Plaintiff's employer as defined by the ADA.

142. Plaintiff requested a reasonable accommodation pursuant to the ADA.

143. Defendant previously accommodated Plaintiff's reasonably necessary medical accommodation.

144. In or around December of 2016 and/or January of 2017 Defendant asked Plaintiff to provide additional documentation to support her accommodation requests.

145. Defendant failed to engage in the deliberative process in determining whether Plaintiff's continued requested accommodation was reasonable.

146. Defendant's failure to accommodate Plaintiff was not reasonable nor was it justified by any legitimate business judgment.

147. With actual knowledge of Plaintiff's disability and need for a reasonably necessary medical accommodation, the Defendant terminated Plaintiff's employment.

148. Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

149. Defendant's acts and omissions negatively affected one or more terms, conditions

and/or privileges of Plaintiff's employment.

150. Defendant's conduct violated Plaintiff's right to a reasonable accommodation as guaranteed by the ADA.

151. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

152. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

153. Defendant's violations of the ADA were willful.

154. Plaintiff is entitled to recover her attorney's fees and costs.

**REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE Plaintiff, Michele Gordon, respectfully requests entry of:

a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the ADA;

b. judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d. judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendants for punitive damages;

f. declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## RETALIATION AGAINST PLAINTIFF FOR EXERCISING RIGHTS UNDER ADA

155.    Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

156.    Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to leave and/or an accommodation.

157.    During the time Plaintiff was employed by the Defendant, Plaintiff engaged in protected activity under the ADA.

158.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination based on her disability.

159.    The Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

160.    During the time Plaintiff was employed by the Defendant, she exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, filing a charge of discrimination with the EEOC, and requesting and making use of reasonable accommodations for her disability.

161.    Defendant terminated Plaintiff's employment after she exercised a right afforded under the ADA.

162.    Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of her request for accommodation for her disability.

163.    Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of her objection to illegal discrimination based on her disability.

164. Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because she requested a reasonably necessary medical accommodation and objected to illegal discrimination based on her disability. .

165. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

166. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants which have caused and continue to cause irreparable harm.

167. Defendant's violations of the ADA were willful.

168. Plaintiff is entitled to recover her attorney's fees and costs.

**REQUEST FOR RELIEF AS TO COUNT III**

WHEREFORE Plaintiff, Michele Gordon, respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## UNLAWFUL DISCRIMINATION BASED ON HANDICAP IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

169. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

170. Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities.

171. Plaintiff's condition was a disability or handicap as defined by the FCRA.

172. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

173. Plaintiff requested a reasonable accommodation, not to be scheduled for surgeries requiring the prolonged wearing of a heavy lead vest.

174. For approximately 4 years the Defendant accommodated Plaintiff's requested accommodation.

175. The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

176. The Defendant terminated Plaintiff based on her disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

177. Additionally, Defendant failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

178. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

179. The Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

180. Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

181. Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

182. As a result of the Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

**REQUEST FOR RELIEF AS TO COUNT IV**

WHEREFORE Plaintiff, Michele Gordon, respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the FCRA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT V**
**UNLAWFUL RETALIATION IN**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)**

183. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

184. Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

185.   Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

186.   Plaintiff requested a reasonable accommodation, not to be scheduled for surgeries requiring the prolonged wearing of a heavy lead vest.

187.   The Defendant previously accommodated Plaintiff's requested accommodation.

188.   In or around December of 2016 and/or January of 2017 Defendant asked Plaintiff to provide additional documentation to support her accommodation requests.

189.   The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of her disability.

190.   The Defendant terminated Plaintiff based on her disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

191.   Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation, not to be scheduled for surgeries requiring the prolonged wearing of a heavy lead vest and/or intermittent FMLA leave.

192.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

193.   The Defendant engaged in retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

194.   Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

195.   Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

196. As a result of the Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**REQUEST FOR RELIEF AS TO COUNT V**

WHEREFORE Plaintiff, Michele Gordon, respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the FCRA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT VI**
**INTERFERENCE WITH FMLA RIGHTS**

197. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

198. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

199. Defendant was Plaintiff's employer as defined by the FMLA.

200. At all times relevant hereto, Defendant interfered with Plaintiff's right to take Intermittent FMLA leave under the FMLA.

201. At all times relevant hereto, Defendant interfered with Plaintiff's right to manage her own leave under the FMLA.

202.   At all times relevant hereto, Defendant interfered with Plaintiff's right to be reinstated to the same or similar position at the end of her FMLA leave.

203.   At all times relevant hereto, Defendant's interference with Plaintiff's right to leave and reinstatement violated the FMLA.

204.   At all times relevant hereto, Defendant's interference with Plaintiff's right to manage her own leave violated the FMLA.

205.   Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

206.   Plaintiff's condition is "chronic" within the meaning of the FMLA.

207.   Plaintiff was entitled to FMLA protected leave.

208.   Defendant is subject to the requirements of the FMLA.

209.   Plaintiff provided adequate notice to Defendant of her disability and need for a reasonably necessary medical accommodation.

210.   Defendant refused to continue accommodating Plaintiff's reasonably necessary medical accommodation and refused to put Plaintiff on the work schedule, instead Defendant insisted that Plaintiff take FMLA leave while she applied for alternate job positions.

211.   Plaintiff requested Intermittent FMLA leave and to be put back on the work schedule with the reasonably necessary medical accommodation that had previously been granted to her for a number of years.

212.   Plaintiff had not exhausted her entitlement to FMLA leave at the time.

213.   Defendant refused to grant intermittent leave and instead insisted that Plaintiff take fixed leave even though she was capable of working and did not need fixed leave.

214.   The Defendant failed to return Plaintiff to work.

215. Defendant terminated Plaintiff while she was still entitled to Intermittent FMLA leave.

216. By terminating Plaintiff Defendant interfered with Plaintiff's right for leave, reinstatement, and to future FMLA benefits.

217. By failing to provide Plaintiff with notice of her return to work date, Defendant interfered with Plaintiff's right to manage her own leave.

218. Plaintiff was denied benefits to which she was entitled under the FMLA.

219. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

220. Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

221. Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

222. Plaintiff demands a trial by jury.

**REQUEST FOR RELIEF AS TO COUNT VI**

WHEREFORE Plaintiff, MICHELE GORDON, respectfully requests entry of:

a. judgment in her favor and against Defendant for its interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT VII**
**FMLA RETALIATION**

223. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

224. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff wished to exercise her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

225. With actual knowledge of Plaintiff's need for leave, disability and serious health condition, Defendant terminated Plaintiff's employment while she was still entitled to FMLA leave, and/or before her FMLA leave was exhausted.

226. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

227. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

228. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

229. Defendant's violation of the FMLA was willful, as its managers / human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

**REQUEST FOR RELIEF AS TO COUNT VII**

WHEREFORE, Plaintiff, MICHELE GORDON, respectfully requests entry of:

a. judgment in her favor and against the Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against the Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against the Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT VIII**
**DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII**

230. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

231. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against color and/or race discrimination and harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

232. The discrimination/harassment to which Plaintiff was subjected to was based on her color and/or race.

233. The conduct of Defendant, its agents and employees proximately, directly and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

234. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff as to entitle her to an award or punitive damages against Defendant, to deter it, and others from such conduct in the future.

235. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

236. Plaintiff has no plain, adequate or complete remedy at law for the action of Defendant, which has caused, and continues to cause irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT VIII**

WHEREFORE, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. Enjoin Defendant and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of back pay and front pay;

c. Grant Plaintiff a judgment against Defendant for damages, including compensatory damages, and punitive damages;

d. Award Plaintiff her reasonable attorneys' fees and costs against Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

e. Provide any additional relief that this Court deems just.

**COUNT IX**
**DISCRIMINATION/HARASSMENT IN**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

237. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

238. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against color and/or race discrimination/harassment under the Florida Civil Rights Act, Chapter 760, and Fla. Stat.

239. The discrimination/harassment to which Plaintiff was subjected to was based on her color and/or race.

240. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

241. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

242. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

243. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT IX**

WHEREFORE, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b. Enjoin Defendant and its agents from continuing to violate Plaintiff's rights under the FCRA, and requiring that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and back pay;

c. Grant Plaintiff a judgment against Defendant for damages, including compensatory damages and punitive damages;

d. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

e. Provide any additional relief that this Court deems just.

**COUNT X**
**UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII**

244. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against color and/or race discrimination/harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

245. Plaintiff objected to Defendant's conduct.

246. Defendant terminated Plaintiff's employment because of her objection to Defendant's unlawful conduct and/or failure to rectify Defendant's unlawful conduct.

247. Defendant's harassment of Plaintiff and termination were retaliatory in nature.

248. This retaliatory misconduct violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

249. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

250. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

251. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

252. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT X**

WHEREFORE, Plaintiff prays that this Court will:

a.   Issue a declaratory judgment that the adverse employment action taken against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.   Enjoin Defendant and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Defendant make Plaintiff whole for her losses suffered as a result of its retaliatory discharge through reinstatement, or, if that is not practical, through an award of front pay and back pay;

c.   Grant Plaintiff a judgment against Defendant for damages, including compensatory and punitive damages;

d.   Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendants pursuant to 42 U.S.C. § 2000e-5(k); and

e.   Provide any additional relief that this Court deems just.

**COUNT XI**
**AGAINST DEFENDANTS FOR RETALIATION**
**UNDER THE FLORIDA CIVIL RIGHTS ACT**

253.   Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

254.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against color and/or race discrimination/harassment under Florida Civil Rights Act, Chapter 760, Fla. Stat.

255.   Plaintiff objected to Defendant's conduct and made proper requests that Defendant rectify the unlawful conduct.

256.   Defendant terminated Plaintiff's employment because of her objection to Defendant's unlawful conduct and/or request that Defendant rectify its conduct.

257.   Defendant's termination of Plaintiff was retaliatory in nature.

258.   Defendant's retaliatory discharge and hostile work environment of Plaintiff violated Plaintiff's rights under Florida Civil Rights Act, Chapter 760, Fla. Stat.

259.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future

pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

260. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

261. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

262. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT XI**

WHEREFORE, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that the adverse employment actions taken against Plaintiff by Defendant were a violation of Plaintiff's rights under the FCRA;

b. Enjoin Defendant and its agents from continuing to violate Plaintiff's rights under the FCRA, and requiring that Defendant make Plaintiff whole for her losses suffered as a result of Plaintiff's retaliatory discharge through an award of front pay and back pay;

c. Grant Plaintiff a judgment against Defendant for damages, including compensatory and punitive damages;

d. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendants pursuant to 760.11(5), Fla. Stat.; and

e. Provide any additional relief that this Court deems just.

**COUNT XII**
**42 U.S.C. § 1981 COLOR, RACE/ ANCESTRY DISCRIMINATION**

263. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

264. The actions of Defendant as alleged above had the purpose and effect of denying Plaintiff the same rights to make and enforce contracts as is enjoyed by white citizens, in violation of plaintiff's rights under 42 U.S.C. § 1981.

265. The actions of Defendant alleged above were intentionally and purposefully done to Plaintiff because of her color and/or race/ ancestry.

266. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

267. The actions of Defendant are in willful and wonton disregard of the rights of Plaintiff so as to entitle Plaintiff to an award of punitive damages against Defendant to punish it for its conduct and to deter it and others from such conduct in the future.

268. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988.

269. Plaintiff has been discriminated against by Defendant and has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**REQUEST FOR RELIEF AS TO COUNT XII**

WHEREFORE, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that Defendant's conduct toward Plaintiff violated Plaintiff's rights under 42 U.S.C. § 1981;

b. Enter a judgment for Plaintiff and against Defendant for damages, including but not limited to compensatory damages, back pay, lost earnings and benefits, punitive damages, lost earnings, damages to compensate Plaintiff for her emotional pain and suffering, and reinstatement and/or front pay;

c. Grant Plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

d. Grant Plaintiff such other and future relief as the circumstances and law provide.

**COUNT XIII**
**42 U.S.C. § 1981 COLOR, RACE/ ANCESTRY RETALIATION**

270. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

271. The acts of Defendant, through its employees, as more particularly alleged above, including Plaintiff's termination, violated Plaintiff's rights against retaliation under 42 U.S.C. § 1981, which retaliation is implicitly proscribed by § 1981, for opposing what she reasonably believed to be discrimination based on color and/or race/ ancestry.

272. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

273. The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of exemplary/punitive damages against Defendant, to deter them, and others, from such conduct in the future.

274. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

275. Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to recover her attorneys' fees and litigation expenses.

**REQUEST FOR RELIEF AS TO COUNT XIII**

WHEREFORE, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that Defendant practices toward Plaintiff violated Plaintiff's rights under 42 U.S.C. § 1981;

b. Enter a judgment for Plaintiff and against Defendant for damages, including but not limited to compensatory damages, back pay, lost

        earnings and benefits, punitive damages, lost earnings, damages to compensate Plaintiff for her emotional pain and suffering, and reinstatement and/or front pay;

c. Grant Plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. Grant Plaintiff such other and further relief as the circumstances and law provide.

**COUNT XIV**

**VIOLATION OF SECTION 510 ERISA**

276. Plaintiff re-alleges all pertinent parts of paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

277. Defendants provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

278. Beginning in 2008 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

279. Plaintiff's supervisors and human resources were aware that Plaintiff suffered from a Degenerative Disc Disease along with multiple herniated disks in her back and the continued need for care and possibility of future surgery, follow up doctor appointments and physical therapy.

280. Defendants knew or should have known that Plaintiff's utilization of her employee benefit plan would continue, particularly since she requested a medically necessary accommodation.

281. Defendant retaliated/discriminated against Plaintiff by terminating her employment.

282. Defendant interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

283. Defendant's termination of Plaintiff was designed, in part, to discourage other

employees from taking sick days and/or filing claims under their employee benefit plans.

284. Defendant fired Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

285. Defendant interfered with Plaintiff's right to obtain medical care.

286. Defendant discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

287. Defendant fired Plaintiff in violation so 29 U.S.C. § 1140.

**REQUEST FOR RELIEF AS TO COUNT XIV**

WHEREFORE, Plaintiff MICHELE GORDON hereby demands entry of judgment in her favor and against Defendant, for any and all equitable and legal relief available including but not limited to payment of all medical bills, economic and non-economic damages, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 19th day of May 2020.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
pbotros@forthepeople.com